**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JONATHAN WALL, | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.:** |
| | ) | |
| v. | ) | |
| | ) | |
| AFFIRM, INC., RENTGROW, INC. and | ) | **Jury Trial Demanded** |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Jonathan Wall ("Plaintiff" or "Wall"), by and through his attorneys, Kimmel & Silverman,

P.C., alleges the following against Affirm, Inc. ("Affirm"), Experian Information Solutions, Inc.

("Experian"), and RentGrow, Inc. ("RentGrow" and with Affirm, and Experian, "Defendants"):

## INTRODUCTION

Plaintiff's Complaint is based on Defendants' violations of the Fair Credit Reporting Act,

15 U.S.C. § 1681, *et seq.* ("FCRA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et*

*seq. (*"FDCPA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, *et*

*seq.* ("CUTPA"). The factual and legal basis for those violations is set forth below:

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FCRA claims in this action

under 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this

subchapter may be brought in any appropriate United States district court, without regard to the

amount in controversy, or in any other court of competent jurisdiction." This Court also has subject

matter jurisdiction under 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's claims asserted under state law under 28 U.S.C. § 1367, as the state law claim involves the same nucleus of operative facts as the federal claims.

4. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Connecticut and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer harms in the State of Connecticut.

5. For those reasons, personal jurisdiction exists.

6. Furthermore, because a substantial portion of the occurrences underlying this action occurred within this District, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

7. Plaintiff is a natural person who at all times relevant hereto, resided in Shelton, Connecticut.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA and 42 Conn. Stat. § 110(a).

9. Defendant Affirm is a business entity that regularly conducts business in the State of Connecticut, with its principal address at 650 California St., San Francisco, California 94108.

10. Defendant Affirm is a "furnisher" of credit information as defined by 15 U.S.C. § 1681s-2.

11. Defendant Experian is a business entity that regularly conducts business in the State of Connecticut, with its headquarters at 75 Anton Blvd., Costa Mesa, California 92626.

12.     Defendant RentGrow is a business entity that regularly conducts business in the State of Connecticut, with its headquarters at 307 Waverley Oaks Rd # 301, Waltham, Massachusetts 02452.

13.     Defendants Experian and RentGrow are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

14.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15.     At all times relevant to this matter, Plaintiff was a resident of Shelton, Connecticut.

16.     Sometime in or around April 2023, Plaintiff booked a stay through the website Travelocity at Saunder Court Square Hotel in Long Island City from May 6-11, 2023.

17.     Plaintiff booked the hotel through Travelocity using the payment services of Defendant Affirm, which assigned the loan number NUKM-77P9 to the transaction.

18.     However, approximately 3-5 days prior to the scheduled check-in date, Plaintiff no longer needed the hotel and therefore submitted cancelation requests to both Travelocity and Affirm.

19.     Plaintiff attempted on multiple occasions to cancel the reservations by phone to both Affirm and Travelocity.

20.     Both Travelocity and Affirm acknowledged Plaintiff's requested cancellation prior to the scheduled stay, but each company insisted the cancellation must be processed by the other entity: Affirm insisted Travelocity was the sole party which could process the cancellation, and Travelocity made the same representation about Affirm.

21. Accordingly, both Travelocity and Affirm had actual and constructive knowledge of Plaintiff's cancellation before the scheduled stay.

22. Consistent with his cancellation that was conveyed multiple times to Affirm and Travelocity, Plaintiff did not stay at the aforementioned hotel and no hospitality services were rendered.

23. Despite that cancellation, Affirm furnished information to Defendants Experian and RentGrow, indicating that Plaintiff owed a debt in the amount of $1,616.57 for that cancelled hotel stay.

24. Subsequently, Experian and RentGrow both published that information on Plaintiff's consumer reports. Excerpts of Plaintiff's Experian credit report are attached as **Exhibit A**. Excerpts of Plaintiff's RentGrow tenant screening report are attached as **Exhibit B**.

25. On March 18, 2026, Plaintiff applied for an apartment in Norwalk, Connecticut.

26. On March 19, 2026, Plaintiff's application was rejected, citing the "severe charge-offs" on Plaintiff's RentGrow tenant screening report, referencing the alleged Affirm debt. Plaintiff's notice of rejection from the rental company is attached as **Exhibit C**.

27. Plaintiff disputed the derogatory information on his credit report with Affirm through the Consumer Financial Protection Bureau ("CFPB") on March 21, 2026. Plaintiff's CFPB dispute and Affirm's response thereto, is attached as **Exhibit D**.

28. In that correspondence, Wall articulated with specificity the factual basis as to why he did not owe the alleged debt. *See* Exhibit D.

29. On April 3, 2026, Affirm responded to Plaintiff's dispute, failing to address the fact that Plaintiff canceled his stay and insisting that Plaintiff owed Affirm the balance. *See* Exhibit D.

30.     Plaintiff also submitted a dispute to Experian, whose reinvestigation erroneously concluded on April 7, 2026 that the alleged debt was accurate. Excerpts of the results of Plaintiff's dispute to Experian are attached as **Exhibit E.**

31.     Plaintiff also submitted a dispute to RentGrow on March 25, 2026, whose reinvestigation erroneously concluded on March 26, 2026 that the alleged debt was accurate. *See* Exhibit B.

32.     After being denied an apartment, as discussed above, as a direct and proximate result of Defendants' acts and omissions, Plaintiff has abstained from searching for a new apartment, which he would otherwise need.

33.     As a direct and proximate result of the foregoing, Wall suffered loss of rental opportunities, stress, anxiety, sleep loss, anguish, loss of enjoyment, loss of economic opportunity, and other pecuniary and non-pecuniary harms.

## COUNT I
### AFFIRM VIOLATED § 1681s-2(b) OF THE FCRA
#### (*Wall v. Affirm*)

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

35.     At all times relevant hereto, Affirm was a "person" as that term is defined by 15 U.S.C. § 1681a(b), and a "furnisher" of credit information as described by 15 U.S.C. § 1681s-2.

36.     It is a violation of 15 U.S.C. § 1681s-2(b) of the FCRA to furnish derogatory information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

37.     Upon information and belief, Affirm furnished information to Experian and RentGrow indicating that Plaintiff owed Affirm a debt in the amount of $1,616.57.

38. Upon information and belief, Affirm knew or should have known that Plaintiff did not owe any balance on the subject account upon receiving notice of Plaintiff's cancelation.

39. Furthermore, Affirm knew or should have known Plaintiff did not owe any balance on the subject account upon receiving Plaintiff's dispute(s),

40. Affirm violated 15 USC § 1681s-2 of the FCRA when it furnished information to the CRAs indicating that Plaintiff still owed money on the subject account.

41. Affirm violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

42. The conduct of Affirm was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the Plaintiff that are outlined more fully above.

**COUNT II**
**EXPERIAN AND RENTGROW VIOLATED § 1681i OF THE FCRA**
*(Wall v. Experian and RentGrow)*

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

44. At all times relevant hereto, Experian and RentGrow were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

45. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

46. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

47. 15 U.S. Code § 1681i(a)(1)(A) provides that:

[i]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

48.     Experian and RentGrow failed to conduct a reasonable reinvestigation of the disputed information, because a reasonable reinvestigation would have found that Plaintiff did not owe the alleged debt.

49.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Experian and RentGrow are liable to Plaintiff for negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i.

**COUNT III**
**AFFIRM VIOLATED THE CUTPA**
*(Plaintiff v. Affirm)*

50.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

51.     Defendant is in the business of 'trade' and 'commerce' within the meaning of Connecticut Statute Title 42, § 110(a).

52.     Plaintiff is a consumer and a 'person' within the meaning of Connecticut Statute Title 42, § 110(a).

53.     The conduct of Defendant Affirm, as alleged herein, constitutes unfair and deceptive acts and practices in commerce, within the meaning of Connecticut Statute Title 42, § 184 & Chapter 735a, §§42-110a-42-110q.

54.     Specifically, Affirm engaged in deceptive and wrongful conduct by seeking to collect an alleged debt from Plaintiff despite his advance cancellation.

55.     As a direct and proximate result of the aforementioned deceptive and unfair conduct, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONATHAN WALL respectfully prays for judgment as follows:

a.  Statutory, actual and punitive damages against Defendants Affirm, Experian, and RentGrow pursuant to 15 U.S.C. §§ 1681n and 1681o;

b.  Statutory damages, treble damages, actual damages available under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, *et seq*.

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1681n(c) and Conn. Gen. Stat. § 42-110;

d.  Injunctive relief under the FCRA; and

e.  Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JONATHAN WALL, demands a jury trial in this case.

Respectfully submitted,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, PC
30 East Butler Ave.
Ambler, PA 19002
(401) 764-5566
atroccoli@creditlaw.com
teamkimmel@creditlaw.com